El Pueblo de Puerto Rico, demandante y apelado, *v.* Luis Guzmán, acusado y apelante.

No. 4438.—*Sometido:* Mayo 19, 1931. *Resuelto:* Mayo 29, 1931.

*A. Porrata Doria,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Luis Guzmán fué acusado de asesinato y declarado reo de homicidio voluntario. El primer señalamiento es que el juez de distrito erró al manifestar al jurado que se trataba de un caso de homicidio voluntario.

■ Después de instruir al jurado en el sentido de que el delito de homicidio estaba comprendido en una acusación por asesinato en segundo grado, el juez explicó la diferencia entre asesinato y homicidio, y entre homicidio voluntario e involuntario. Por vía de ilustración, dió dos ejemplos de homicidio involuntario, "pero", agregó, "desde luego el homicidio involuntario no nos ocupa ahora porque estamos más bien dentro de un caso de homicidio voluntario."

No hubo prueba alguna de homicidio involuntario. Eso fué lo que la corte quiso decirle al jurado. El jurado no tenía motivo alguno para creer que en opinión del juez el acusado era culpable de homicidio voluntario, y no lo tenemos nosotros para entender que el jurado fué inducido a error en ese sentido. El error, de haberse cometido, no era justificativo de la revocación.

■ Otra contención es que, siendo toda la prueba cir-

cunstancial, la corte erró al no instruir al jurado en cuanto a la naturaleza de esa evidencia.

Durante el día del suceso, Luis Guzmán y Arcadio González sostuvieron una lucha de boxeo que culminó en una riña. Por la noche, Guzmán estaba tocando una guitarra y cantando en casa de Leopoldo Pérez. También había otros huéspedes. González apareció en la puerta e hizo una observación elogiosa en torno a la música. Pérez convino en que la música estaba buena e invitó a González a que entrara. Cuando trataba de hacerlo, fué acometido por Guzmán. Se agarraron mutuamente y cayeron abajo. De acuerdo con la prueba de cargo, cuando los que estaban presentes salieron de la casa, hallaron que González estaba herido y que Guzmán se había fugado. Según algunos testigos, González entonces dijo que Guzmán lo había herido.

Los testigos de la defensa declararon que cuando los circunstantes salieron de la casa detrás de Guzmán y González, éste tomó un garrote y se disponía a agredir a Guzmán con él; que entonces dos de los presentes agarraron a Guzmán mientras el resto de los circunstantes le arrebataron el garrote a González; y que éste, al zafarse de ellos, dijo: "Estoy herido."

El abogado de la defensa interrogó a un número de testigos acerca de alguna fricción previa entre González y un tal Flor de Jesús, que estaba entre los presentes. Ninguno de esos testigos tenía conocimiento alguno de la cuestión a que se refirió el abogado, y no hubo prueba de un disgusto anterior.

Así, pues, la alegada naturaleza circunstancial de la prueba descansa en el hecho de que ninguno de los testigos oculares vió el arma en manos de Guzmán, y en la remota posibilidad (asumiendo que la versión del acusado de lo que ocurrió fuera de la casa sea cierta) de una herida causada por alguna otra persona mientras el gentío trataba de quitarle el garrote a González. Fuera de la simple indicación de una base puramente supuesta para posible mala voluntad

de parte de Flor de Jesús, nada hubo que mostrara la existencia de un móvil de parte de cualquiera otro que no fuera Guzmán.

La mejor práctica es instruir al jurado sobre prueba circunstancial en todos los casos en que la prueba en conjunto, o aun en parte, es de ese carácter, pero el que se dejara de hacèrlo en el presente caso no constituye error que dé lugar a la revocación, por dos motivos: primero, porque la prueba no fué enteramente circunstancial, y, segundo, porque la prueba en conjunto era tan clara y concluyente que colocaba el caso dentro de la reconocida excepción a la regla general que exige una instrucción, ora se solicite o no, en casos en la línea divisoria o dudosos. Véase la nota al caso de *Gardner* v. *State*, 15 A. L. R. 1049–1061.

El caso de *El Pueblo* v. *Crespo*, 21 D.P.R. 300, no es aplicable.

*Debe confirmarse la sentencia apelada.*

Los Jueces Asociados Señores Wolf y Texidor están conformes con la sentencia.